DOROTHY VON HOUSEN *vs.* ZONING BOARD OF REVIEW

OF THE TOWN OF EAST PROVIDENCE.

AUGUST 1, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This petition for a writ of certiorari was brought to review the decisions of the respondent board denying certain applications made by the petitioner for permission to furnish board and room to aged persons in a dwelling house located in a residential A district in the town of East Providence. Pursuant to the writ the pertinent records have been certified to this court by the respondent board.

It appears therefrom that petitioner is the owner of an eight-room dwelling house located on lot numbered 327, assessors' plat No. 25, and designated as 2424 Pawtucket avenue in said town. These are the premises for which petitioner seeks permission to furnish board and room to aged persons under an arrangement with the department of public welfare of this state, hereinafter referred to as the welfare department. This arrangement provides that said department would compensate petitioner for furnishing board and room to certain aged persons who are designated by it and who are neither physically nor mentally ill or infirm and do not require regular medical or nursing attendance.

The building inspector, on April 19, 1954, advised both the petitioner and the welfare department that furnishing board and room was permitted as an accessory use by the terms of the ordinance, chapter 43, sec. 4. Thereupon the petitioner at great expense proceeded to renovate her home to meet structural and safety requirements. However, in October 1954 the building inspector reversed his prior decision and notified the welfare department that the use proposed under its arrangement with petitioner was not such an accessory use as is permitted under the ordinance. In April 1955 petitioner renewed her request to the building inspector to use her premises to furnish board and room to aged persons as a permissive use under the ordinance, and the building inspector again decided that the use as proposed under the arrangement with the welfare department was not an accessory use permitted under the ordinance in residential districts.

On July 12 or 13, 1955 petitioner filed with the respondent board an appeal from the decision of the building inspector denying her such permission as an accessory use permitted under the ordinance. At the same time she filed an application asking that she be granted an exception or variance under the ordinance to allow her to carry on the proposed use in the premises. The board heard the appeal

and application together on September 12, 1955. Thereupon it sustained the decision of the building inspector denying a permit on the ground that the proposed use was not an accessory use permitted in residential districts under the ordinance and granted the petitioner's application for an exception under which the premises could be lawfully used to furnish aged persons with board and room.

The respondent board made a further decision concerning the granting of an exception or variance, which ruling the petitioner contends so modified the former decision as to constitute an illegal reversal thereof. It is unnecessary to discuss this phase of the case in detail, since it is our opinion that the board acted arbitrarily and abused its discretion in sustaining the decision of the building inspector that the use here contemplated, by the arrangement between petitioner and the welfare department, would not constitute an accessory use permitted in residential districts under the pertinent provisions of sec. 4 of the ordinance.

Section 4 provides for certain accessory uses that shall be permitted as such in residential districts. The pertinent language thereof reads as follows: "A use accessory to a use permitted in a residence district shall be permitted in such district. * * * In a dwelling or apartment occupied as a private residence, one or more rooms may be rented or table board furnished."

It is clear that the above-quoted language is broad enough to permit the occupant of a dwelling in a residence A district to conduct therein a boarding house so called. The question is whether the operation of a boarding house for aged people under the terms of the arrangement with the welfare department is within the purview of the language defining the accessory use.

The record reveals that the arrangement between petitioner and the welfare department provides in part as follows: "* * * care for aged ambulatory persons who are in need of no specialized nursing service, with service limited

to board, and supervision. Supervision in this respect may include assistance in bathing, dressing, toilet habits, going up and down stairs or from room to room." The record further shows that persons who are referred to petitioner under the arrangement will not include "feeble minded persons, or any persons who will require medical attention" and that the care required will not include the care of bed patients or convalescents. In our view the providing of board and room under such conditions and circumstances does not constitute the operation of a hospital, sanitarium or convalescent home, which uses would not be permitted in a residence A district.

If a person of the type which the welfare department proposes to refer to petitioner were to make an agreement with her for the furnishing of board and room independently of the department, the petitioner in providing board and room under such an independent agreement would clearly be engaging in an accessory use within the meaning of sec. 4 of the ordinance. We cannot agree that the mere fact that the state refers the person to the petitioner and pays for the board and room changes the character of the use in any material manner.

We are of the opinion that the use of petitioner's premises to provide board and room for aged persons under the proposed arrangement with the welfare department would constitute an accessory use within the meaning of sec. 4 of the ordinance and would be a permitted use in a residence A district. Therefore the decision of the board in sustaining the decision of the building inspector denying a permit was arbitrary and an abuse of its discretion.

The petition for certiorari is granted, the record of the respondent board's decision sustaining the building inspector's denial of the permit is quashed, such decision is reversed, and the papers in the case which have been certified

to this court are ordered sent back to the respondent board.

*Higgins, Cavanagh & Williamson, Joseph V. Cavanagh,* for petitioner.

*Sarkis Tatarian,* Town Solicitor, for respondent.